**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **BRYANT ENGELKE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | |
| | : | **NO.  08-3130** |
| **ALDIE COUNSELING CENTER, INC.,** | : | |
| **Defendant.** | : | |
| | : | |
| | : | |
| | : | |
| | : | |

**MEMORANDUM AND ORDER**

**Tucker, J.**                                                     **November 21, 2008**

Presently before this Court is Defendant's Motion to Dismiss Pursuant To FED. R. CIV. P. 12(b)(6) (Doc. 7), and Plaintiff's Response in Opposition (Doc. 9).  For the reasons set forth below, Defendant's Motion to Dismiss is denied.

**BACKGROUND**

From the evidence of the record, taken in the light most favorable to the plaintiff, the pertinent facts are as follows.  Plaintiff alleges that he worked for Defendant for approximately nine months as a supervisor, providing drug and alcohol counseling to clients.  Plaintiff claims that he suffers from permanent health problems with his heart, specifically an ascending aorta aneurysm.

According to Plaintiff, after seven months of employment, Plaintiff notified his supervisor about his heart problems.  Plaintiff claims that, within one week of disclosing his health problems,

1

Defendant inquired about whether he intended to file for disability.  Approximately one month later, Defendant terminated Plaintiff's employment.  Plaintiff claims that he never received any written or oral discipline prior to his termination, however, Defendant disagrees.

Plaintiff believed that the termination violated the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA").  Accordingly, Plaintiff filed a timely charge of discrimination with both the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC").

In Plaintiff's EEOC charge, he claimed in relevant part, "I specifically told Respondent's Executive Director, that I suffered from this condition and that I would need to seek treatment for it.  I did not take any extended period of time off from work after being diagnosed with this condition.  Within one week of my telling Respondent that I was diagnosed with an aneurysm, he asked me whether I intended on applying for disability.  On or about June 11, 2007, I was terminated by Respondent . . . ."

Within ninety days of receiving a notice of dismissal from the EEOC, and within one year of filing his charge with the PHRC, Plaintiff filed this timely suit.  In the present action, Plaintiff claims that his termination constituted wrongful discharge in violation of the ADA and PHRA, as well as retaliation in violation of the ADA and PHRA.

Defendant filed a Motion to Dismiss Plaintiff's claims of retaliation under the ADA and the PHRA.  According to Defendant, Plaintiff did not assert claims for retaliation in his charges to the EEOC and PHRC.  Defendant argues that, since the retaliation claims were not included in his original charges to the EEOC and PHRC, Plaintiff cannot raise claims for retaliation in his civil complaint.

Plaintiff, however, disagrees.  Plaintiff insists that charges to EEOC and the PHRC need not explicitly claim retaliation, as long as the narratives provided in the charges contained facts sufficient to support a claim of retaliation.

## LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6), the court "must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township, 838 F.2d 663, 665-66 (3d Cir. 1988).  While the court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, or unwarranted inferences.  Morse v. Lower Merion School District, 132 F.902, 906 (3d Cir. 1997).

A complaint should be dismissed only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The question is whether the claimant can prove any set of facts consistent with his allegations that will entitle him to relief, not whether the claimant will ultimately prevail.  Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

The claimant must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that the elements exist.  Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340).  The court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint.  Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d

Cir. 1998).

## **DISCUSSION**

As a precondition for asserting claims under the ADA and the PHRA, a plaintiff must exhaust each claim by presenting it in a timely administrative charge to the EEOC and PHRC. Nerosa v. Storecast Merchandising Corp., No. 02-440, 2002 U.S. Dist. LEXIS 16210, at *11 (E.D. Pa. Aug. 28, 2002).  The Third Circuit has recognized that the exhaustion requirement serves two purposes: "First, it puts the employer on notice that a complaint has been lodged against him and gives him the opportunity to take remedial action.  Second, it gives the EEOC notice of the alleged violation and an opportunity to fulfill its statutory responsibility of seeking to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion."  Johnson v. Chase Home Finance, 309 F. Supp. 2d 667, 671 (E. D. Pa. 2004) (internal citations omitted).

Under the exhaustion requirement, a plaintiff's judicial complaint is limited by his original administrative charge.  Id.  Yet, courts have recognized that a layperson, rather than a lawyer, usually completes an EEOC charge.  E.g. Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994).  Therefore, in an EEOC charge, a plaintiff need not allege each and every fact that combines to form the basis of each claim in his complaint.  Id.  In fact, the test for determining whether an EEOC charge encompasses the claims in a judicial complaint grants significant leeway to a plaintiff.  Id.

Courts in the Eastern District of Pennsylvania have created a test for determining whether an EEOC charge encompasses the claims in a judicial complaint and, consequently, whether the

4

plaintiff has fulfilled the exhaustion requirement.  The test asks whether the acts alleged in the

subsequent suit are fairly within the scope of the prior EEOC complaint,[1] or the investigation[2]

arising therefrom. Johnson, 309 F. Supp. 2d at 671.

The courts have explained that "[t]here must be a close nexus between the facts supporting

each claim or an additional claim in the judicial complaint must fairly appear to be an explanation

of the original charge or one growing out of it."  See Nerosa, LEXIS 16210 at *11 (internal

citations omitted); Janis v. La-z-boy Furniture Galleries, No. 05-2410, 2006 U.S. Dist. LEXIS

10935, at *16 (E.D. Pa. Mar. 17, 2006) (internal citations omitted).

For example, in Howze v. Jones & Laughlin Steel Corp., the United States Court of

Appeals for the Third Circuit allowed a plaintiff to assert a claim of retaliation even though his

charge to the EEOC did not explicitly claim "retaliation."  750 F.2d at 1212.  According to the

Third Circuit, "a district court may assume jurisdiction over additional charges if they are

reasonably within the scope of the claimant's original charges and if a reasonable investigation by

the EEOC would have encompassed the new claims."  Id.

Likewise, the mere failure to check the "retaliation" box on an EEOC charge will not

preclude a plaintiff from later asserting a retaliation claim.  Demshick v. Delaware Valley

Convalescent Homes, Inc., No. 05-2251, 2007 WL 1244440, at * 12 (E.D. Pa. April 16, 2007).

Again, the court found that the plaintiff's narrative on his EEOC charge, a narrative which

included facts that could give rise to a claim of retaliation, sufficed to allow the plaintiff to claim

[1] Some courts liberally construe an EEOC complaint, interpreting the complaint broadly.  Wooten v. Federal Express Corp., No. 04-1196, 2007 U.S. Dist. LEXIS 2195, at *24-25 (N.D. Tex. Jan. 9, 2007).

[2] In the Third Circuit, it is of no consequence if the actual EEOC investigation failed to uncover evidence of the additional claim asserted in the judicial complaint.  Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir. 1984).

5

retaliation in his judicial complaint.  Id.

In the present case, Plaintiff can bring an action for retaliation in violation of the ADA and PHRA, provided that Plaintiff's EEOC and PHRC charges contained facts that could support a claim of retaliation.  Plaintiff was not required to specifically state "retaliation" or check off a "retaliation" box in his administrative charges.

The ADA and the PHRA contain nearly identical anti-retaliation provisions.  Fogleman v. Mercy Hospital, Inc., 283 F.3d 561, 567 (3d Cir. 2002).  To establish a *prima facie* case of illegal retaliation under both anti-discrimination statutes, a plaintiff must show: "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action."  Id. at 567-68.

If a plaintiff claims that his employer retaliated against him because he sought an accommodation, the plaintiff is not required to show that he is disabled.  Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 191 (3d Cir. 2003).  Instead, the plaintiff must show that he had a reasonable and good faith belief that he was entitled to the reasonable accommodation he requested, but his employer responded to the request with an adverse employment decision.  Id.

Here, reading Plaintiff's complaints to the EEOC and PHRC liberally, Plaintiff alleged facts sufficient to show all three elements required for a prima facie case of retaliation.  First, Plaintiff engaged in a protected employee activity.  Plaintiff requested an accommodation for his medical condition, time off from work.  According to the administrative charges, Plaintiff initially told Defendant that Plaintiff would need to seek medical treatment for his condition.  Defendant could then infer that Plaintiff would need to take time off to receive the medical treatment.

6

Additionally, in the administrative charges, Plaintiff explained that he did not miss any extended period of time from work due to his medical condition.  Reading the charges liberally, Plaintiff implied that he did in fact miss work due to his medical condition, but the missed time was not excessive.

Second, Defendant made an adverse employment decision after Plaintiff engaged in a protected activity.   Defendant terminated Plaintiff after Plaintiff requested an accommodation for his medical condition.

Finally, there is likely a causal connection between Plaintiff's protected activity and Defendant's adverse action.  One week after Plaintiff disclosed his medical condition to Defendant, Defendant asked Plaintiff if he intended to file for disability.  Defendant's statement potentially demonstrates disapproval of Plaintiff's need for accommodations related to his medical treatment.  Then, one month later, Defendant terminated Plaintiff.

In conclusion, Plaintiff is qualified to bring retaliation claims under the ADA and the PHRA because his complaints to the EEOC and PHRC alleged facts sufficient to support a prima facie claim of retaliation.  Reading Plaintiff's EEOC complaint liberally, the facts on the charge could establish that he was terminated solely for seeking an accommodation for his medical condition.  Therefore, this Court will deny Defendant's Motion to Dismiss Counts III and IV from the Amended Complaint.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRYANT ENGELKE,** | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO.  08-3130** |
| **ALDIE COUNSELING CENTER, INC.,** | : | |
| **Defendant.** | : | |

**ORDER**

      **AND NOW**, this ___ of November, 2008, upon consideration of Defendant's Motion to Dismiss Counts III and IV of Plaintiff's Amended Complaint (Doc. 7), and Plaintiff's Response in Opposition (Doc. 9), **IT IS HEREBY ORDERED AND DECREED** that Defendant's Motion is **DENIED**.

                                    **BY THE COURT:**

                                    **/s/ Petrese B. Tucker**
                                    _____
                                    **Hon. Petrese B. Tucker, U.S.D.J.**